Joseph H. Harrington
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington  98901
(509)  454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 19 2018

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

           Plaintiff,

   vs.

NICOLE LEE SUNNY CLOUD,

           Defendant.

NO: 1:17-CR-2053-SAB-2

PLEA AGREEMENT

Plaintiff United States of America, by and through Joseph H. Harrington, United States Attorney, and Thomas J. Hanlon, Assistant United States Attorney, for the Eastern District of Washington, and Defendant, Nicole Lee Sunny Cloud, and the Defendant's counsel, Ulvar W. Klein, agree to the following Plea Agreement:

    1.    Guilty Plea and Maximum Statutory Penalties:

    The Defendant agrees to plead guilty to Count 1 of the Information Superseding Indictment filed on December 5, 2018, charging the Defendant with Misprision of Felony, in violation of 18 U.S.C. § 4.

    The Defendant understands that the maximum statutory penalty for Misprision of Felony, in violation of 18 U.S.C. §4, is a term of 3 years imprisonment; a fine of $250,000; or both; a term of supervised release of 1 year; and a $100 special penalty assessment.

PLEA AGREEMENT

1

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release.

2.    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement.  Sentencing is a matter that is solely within the discretion of the Court.  The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter.  The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3.    Waiver of Constitutional Rights:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

PLEA AGREEMENT

2

(d).    The right to testify at trial; and

(e).    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.  The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4.    Elements of the Offense:

The Defendant, Nicole Sunny Lee Cloud, is charged in Count 1 of the Information Superseding Indictment with Misprision of Felony, in violation of Section 4 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)  Between March 14, 2016 and March 31, 2016, a felony was committed;

(2)  The Defendant had knowledge of the commission of that felony;

(3)  The Defendant failed to notify an authority as soon as possible; and

(4)  The Defendant did an affirmative act to conceal the crime.

*18 U.S.C. §4.*

6.    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea:

On March 31, 2016. Velicia Wyman ("Ms. Wyman") contacted the Yakama Nation Police Department ("YNPD") and advised that her daughter, Felina Metsker ("Metsker") was missing. Metsker was an enrolled member of the Yakama Nation and an Indian as that term is used in 18

PLEA AGREEMENT

3

U.S.C. § 1153.  Wyman advised that she visited Metsker's residence and observed blood and what appeared to be a bullet hole.  On April 1, 2016, Special Agent P. Orth ("Agent Orth") of the Federal Bureau of Investigation ("FBI") was contacted by the YNPD.  Agent Orth traveled to the Metsker residence which was located 3960 Barkes Road, Harrah, Washington.  The Metsker residence is located with the external boundaries of the Yakama Nation and in Indian Country.  Agent Orth looked into Metsker's trailer home and observed blood.  Agent Orth obtained and executed a Federal search warrant.  Inside of the trailer, Agent Orth observed blood, pieces of brain on the wall, and a bullet hole.  Due to his training and experience, Agent Orth concluded that someone had been shot while sitting on the bed.  Agent Orth also concluded that one or more persons had attempted to clean up the crime scene.  Agent Orth observed cleaning products and blood smeared on the floor, as if someone attempted to clean up the trailer.  After reviewing the crime scene, Agent Orth concluded that the body had been dragged through the trailer and presumably placed in the back of a vehicle.

On April 15, 2016, a witness ("witness #1") came forward.  Witness #1 advised that Neil Cloud had shot Metsker.  Witness #1 advised that the Defendant told him/her that she and helped clean up the crime scene

During the investigation, Agent Orth learned that George Skylar Cloud ("George Cloud") had previously shot a female and stole her black Chrysler vehicle.  Multiple witnesses advised that they saw George Cloud driving the vehicle.  On May 13, 2016, Agent Orth tracked down the owner of the black Chrysler.  The owner had a gunshot wound to her leg.  The owner advised that George Cloud had shot her in the leg and stole her vehicle.

On July 28, 2016, Metsker's body was found in a rural area within the boundaries of the Yakama Nation.  An abandoned black Chrysler vehicle was found near the body.  Metsker's blood was found in the trunk of the vehicle.  The black Chrysler was the same vehicle George Cloud had previously stolen.

PLEA AGREEMENT

4

On December 1, 2017, a witness ("Witness #2) came forward.  Witness #2 advised that he/she was present the night Metsker was murdered.  Witness #2 advised that he/she arrived at 3960 Barkes Road in late March 2016.  Witness #2 advised that he/she saw George Cloud and Neil Cloud.  Witness #2 stated that he/she spoke to George Cloud.  Witness #2 stated George Cloud stated that he (George) and Neil Cloud killed Metsker because she had cooperated with police.  Witness #2 stated that George Cloud told him, "we (George and Neil) had to eliminate the threat."  Witness #2 advised that he/she saw Metsker's body in the trunk of a black Chrysler.  Witness #2 stated that he/she and George Cloud dumped Metsker's body in a rural area within the boundaries of the Yakama Nation.  Witness #2 stated that George Cloud abandoned the black Chrysler near the body.  Witness #2 stated that he/she and George Cloud returned to 3960 Barkes Road.  Witness #2 stated that he/she saw the Defendant and Kristen Cloud attempting to clean up the crime scene and destroy potential evidence.

The Defendant failed to notify an authority as soon as possible.

7.    Waiver of Inadmissibility of Statements:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f).  This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement.  The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

8.    The United States Agrees:

(a)    Dismissal:

At the time of sentencing, as to the Defendant, the United States agrees to move to dismiss the Superseding Indictment, 1:17CR-2053-SAB-2, which charges the Defendant with Count 3, Accessory After the Fact,  in violation of 18 U.S.C. § 3.

PLEA AGREEMENT

5

(b)    Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Information, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

9.    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter U.S.S.G.) are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a.    Base Offense Level:

The United States and the Defendant have made no agreement as to the base offense level.

b.    Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement, the United States will move for a two (2) level downward adjustment for the Defendant's timely acceptance of responsibility, and if Defendant's adjusted offense level is sixteen (16) or greater, the United States will move for a one (1) level reduction for timeliness. See U.S.S.G. § U.S.S.G.§ 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any

PLEA AGREEMENT

6

criminal offense which occurs subsequent to entering this plea agreement or if the Defendant tests positive for any controlled substance.

c.    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

10.    Incarceration:

Length of Imprisonment:

The United States agrees to recommend the Court impose a sentence of 24 months imprisonment.

The Defendant reserves the right to recommend any legal sentence.

11.    Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12.    Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a term of supervised release within the Guideline range, and to include the special conditions as recommended by United States probation, in addition to the standard conditions of supervised release. The Defendant reserves the right to object to the conditions imposed if not reasonably related to the offense.

PLEA AGREEMENT

13.    Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14.    Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15.    Restitution:

The United States and the Defendant hereby stipulate, and agree that, pursuant to 18 U.S.C. §3663, 3663A, and 3664, the Court shall order restitution, including but not limited to funeral expenses for Felina Metsker.

16.    Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense which occurs subsequent to entering this plea agreement or if the Defendant tests positive for any controlled substance.

17.    Appeal Rights:

The Defendant expressly waives her right to appeal her conviction and sentence imposed by the Court in this case.  The Defendant expressly waives her right to appeal any restitution order imposed as long as restitution does not exceed $5,000.  Furthermore, the Defendant expressly waives her right to file any post-conviction motion attacking her conviction and sentence, including a

PLEA AGREEMENT

8

1    motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based

2    on information not now known by Defendant and which, in the exercise of due diligence, could not

3    be known by Defendant by the time the Court imposes the sentence.  If the Defendant files a notice

4    of appeal, a habeas petition, or other collateral attack, nothwithstanding this agreement, the

5    Defendant agrees that this case shall, upon motion of the government, be remanded to the district

6    court to determine whether Defendant is in breach of his agreement and, if so, to permit the

7    government to withdraw from this Plea Agreement.

8
9         18.    Integration Clause:

10        The United States and the Defendant acknowledge that this document constitutes the entire

11   Plea Agreement between the United States and the Defendant, and no other promises, agreements, or

12   conditions exist between the United States and the Defendant concerning the resolution of the case.

13   This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern

14   District of Washington, and cannot bind other federal, state or local authorities.  The United States

15   and the Defendant agree that this agreement cannot be modified except in a writing that is signed by

16   the United States and the Defendant.

17

18

19        Approvals and Signatures

20   Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of
21   Washington.

22   JOSEPH H. HARRINGTON
     United States Attorney
23

24                                                          12/19/18

25   Thomas J. Hanlon                                       Date
     Assistant U.S. Attorney
26

27

28   PLEA AGREEMENT

                                        9

1    I have read this Plea Agreement and have carefully reviewed and discussed every part of the

2   agreement with my attorney.  I understand and voluntarily enter into this Plea Agreement.

3   Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am

4   satisfied with the representation of my attorney in this case.  No other promises or inducements have

5   been made to me, other than those contained in this Plea Agreement and no one has threatened or

6   forced me in any way to enter into this Plea Agreement.  I am agreeing to plead guilty because I am

7   guilty.

8   _____        _12/19/18_____

9   Nicole Lee Sunny Cloud                          Date
    Defendant
10

11

12

13

14

15    I have read the Plea Agreement and have discussed the contents of the agreement with my

16   client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement

17   between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea

18   Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

19

20

21   _____        _12/19/18_____

22   Ulvar W. Klein                                      Date
    Attorney for the Defendant
23

24

25

26

27

28   PLEA AGREEMENT

10